UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:

HNRC DISSOLUTION CO.                                    CASE NO. 02-14261

DEBTOR


GEOFFREY L. BERMAN, solely in his
capacity as the Liquidating Trustee
of the HNR Liquidating Trust                            PLAINTIFF


VS:                                                     ADV. 04-1248


ELLIS BATES, JR.                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the Defendant's Motion for
Rule 9011 Sanctions.  This Defendant is one of 38 similarly situated
defendants who filed the same motion.  The actions involving the 38
defendants were consolidated for purposes of conducting discovery.
The Defendant seeks the imposition of costs, attorney fees, expenses,
and any other relief deemed proper against the law firm of Foley &
Lardner, LLP, and certain of its counsel (collectively "Foley") as
attorneys for the Plaintiff, "for the signing and filing of a
knowingly frivolous Complaint without obtaining any relevant documents
or conducting a reasonable investigation or due diligence to determine
the merits (or lack thereof) of the alleged causes of action."  This
court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b);
it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

1.   Factual and procedural background

The Plaintiff here was appointed Liquidating Trustee on October

1, 2004, less than 45 days before the running of the statute of

limitations for preference actions. He filed his Complaint to Avoid

and Recover Preferential Transfers on November 10, 2004, one of the

approximately 649 preference proceedings he filed.  Summons service

was executed on January 19, 2005, and the Defendant filed its Answer

on January 27, 2005.  An Agreed Order Dismissing Adversary Proceeding

was entered on June 15, 2005.  This Order provided *inter alia* that the

action was dismissed with prejudice with each party to bear its own

costs, and that the Defendant had not and was not deemed to have

waived any alleged claim under Bankruptcy Rule 9011 by entry of the

Order.  The proceeding was closed on July 25, 2005.  The Defendant

filed its Motion for Sanctions Pursuant to Bankruptcy Rule 9011 on

August 4, 2005, and it Notice of Filing of Additional Exhibits on

August 30, 2005.  The Plaintiff filed a Response to the Motion, and

the court heard the matter on August 30, 2005.

    2.   <u>Discussion</u>

        a.   <u>The Rule 9011 standard</u>

Bankruptcy Rule 9011 provides in pertinent part:

    (a) Signature.  Every petition, pleading, written motion,
    and other paper, . . ., shall be signed by a least one
    attorney of record in the attorney's individual name.
    (b) Representations to the Court.  By presenting to the
    court (whether by signing, filing, submitting, or later
    advocating) a petition, pleading, written; motion, or other
    paper, an attorney . . . is certifying that to the best of
    the person's knowledge, information, and belief formed after
    an inquiry reasonable under the circumstances, --
    (1) it is not being presented for any improper
    purpose . . .;
    (2) the claims, defenses, and other legal contentions
    therein are warranted by existing law . . .;
    (3)the allegations and other factual contentions have
    evidentiary support, or, if specifically so identified, are
    likely to have evidentiary support after a reasonable
    opportunity for further investigation or discovery; and

(4)the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
(c) Sanctions.  If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
(1) How initiated.
    (A) By Motion.  A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violated subdivision (b).  It shall be served as provided in Rule 7004.  The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . .

The standard in the Sixth Circuit for imposing sanctions is most recently found in *In re Big Rapids Mall Assocs.*, 98 F.3d 926 (6th Cir. 1996).  There the court stated: "In this circuit, the test for imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances."  *Id.* at 930.  *See also Albright v. Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir. 1986).  The court in *Jackson v. Law Firm*, 875 F.2d 1224 (6th Cir. 1989), enunciated the obligations of the attorney in light of the requirements of Rule 11.  The attorney must make a reasonable inquiry concerning the facts and the law, and he must not file the document in question for any improper purpose.  *Id*. at 1229.

Various factors are applied to the determination of whether conduct is reasonable, including "the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion. or other paper was based on a plausible view of the law; or whether the signor depended on

forwarding counsel or another member of the bar." *Davis v. Crush*, 862

F.2d 84, 88 (6th Cir. 1988), *quoting Century Prods., Inc. v. Sutter*,

837 F.2d 247, 250 (6th Cir. 1988) (citations omitted).

In this matter, Foley was operating in a restricted time frame in

its efforts to investigate and timely file preference actions.  In

addition, Foley could not be charged with knowledge of the viability

of each matter at its inception.  It was in no better position to make

such a determination without an opportunity to investigate than any

law firm would have been.

A motion for sanctions cannot be filed with or presented to the

court without satisfying the requisite 21-day "safe harbor" provision.

In *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), the

court held that this provision, one of the 1993 amendments to the

Rule,

> allow[s] for a twenty-one day period of 'safe harbor,'
> whereby the offending party can avoid sanctions altogether
> by withdrawing or correcting the challenged document or
> position after receiving notice of the allegedly violative
> conduct.  In that way, the 'safe harbor' provision works in
> conjunction with the duty of candor, giving the proponent of
> a questionable claim an opportunity to assess the claim's
> validity without immediate repercussion.

*Id.* at 294.  As to the timing of the motion,

> a party cannot wait to seek sanctions until after the
> contention has been judicially disposed.  A party must now
> serve a Rule 11 motion on the allegedly offending party at
> least twenty-one days prior to conclusion of the case or
> judicial rejection of the offending contention.  If the
> court disposes of the offending contention before the
> twenty-one day 'safe harbor' period expires, a motion for
> sanctions cannot be filed with or presented to the court.
> Any other interpretation would defeat the rule's explicit
> requirements.

*Id.* at 295.  *Ridder* has not been overruled, and it remains the law in

the Sixth Circuit.  As may be seen from the dates set out above, the

Complaint herein had been dismissed by the time the Rule 9011 motion
was filed.  No 21-day safe harbor notice was given, but it appears
that, even if it had been, no sanctions would have been imposed as the
offending pleading had already been dismissed.

The Defendant contends that *Powell v. Squire, Sanders & Dempsey*,
Nos. 98-3668, 98-3670, 1999 WL 519816 (6th Cir. July 16, 1999), an
unpublished opinion, "clarifies" the *Ridder* court's determination that
a motion for sanctions must be filed prior to the adjudication of the
case, and rejects it as dicta.  In *Powell* the movant satisfied the
safe harbor provision by serving his motion more than 21 days before
the case was dismissed, even though he filed the motion after the
dismissal.  *Id.* at *3.  The *Powell* court's characterization of the
determination in *Ridder* that the motion for sanctions must be filed
with the court prior to the adjudication of the case as "unnecessary"
has more to do with the fact that the movant in *Ridder* did not serve
the motion for the safe harbor period than that the motion was served
after dismissal.

The Defendant has made reference to another unpublished Sixth
Circuit case, *Barker v. Bank One*, No. 97-5787, 1998 WL 466437 (6th
Cir. July 30, 1998).  In this case, counsel for the Rule 9011 movants
had notified the plaintiff by letter that they intended to seek
sanctions before they served their motion for sanctions.  The
complaint was not withdrawn, and motions to dismiss were eventually
granted.  The defendants then served their motion for sanctions 21
days before filing it with the court.  *Id.* at *2.  The obvious
difference between this matter and the *Barker* case is that the
offending pleading was withdrawn here before any motion was ever

served.  *Barker* is not instructive in this instance.

In consideration of all the foregoing, it is the opinion of this court that the Defendant has not satisfied the requirements of Bankruptcy Rule 9011 for service of a motion for sanctions, and that its Motion for Rule 9011 Sanctions should be and hereby is overruled.

COPIES TO:

Nathaniel L. Strup, Esq.
Charles K. Belhasen, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*__William S. Howard__*
**Bankruptcy Judge**
**Dated: Thursday, September 29, 2005**
**(wsh)**